U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 11 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| MARJAN RROKU | CIVIL ACTION NO. 1:15-CV-000294 |
| VERSUS | CHIEF JUDGE DRELL |
| DAVID C. COLE, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before this Court is a complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 on February 11, 2015 (Doc. 1) and amended on March 16, 2015 (Doc. 6), by plaintiff Marjan Rroku ("Rroku"). The named defendants are David C. Cole ("Cole") (warden of the LaSalle Detention Facility) and John Hartnett ("Hartnett") (Assistant Field Office Director of Immigration and Customs Enforcement ("ICE") in Jena, Louisiana).[1] Rroku is presently incarcerated in Albania.

Rroku's original complaint (Doc. 1) alleged claims pursuant to Bivens, but it was not filed on a form. The Clerk's office sent Rroku a § 1983 form with instructions

---

[1] Henry Woods was also named as a defendant but was never served (Docs. 12, 18). Accordingly, the complaint against Woods should be dismissed without prejudice under Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

to fill it out and file it to correct the deficiency (Doc. 5). Although Rroku's complaint is on a § 1983 form, it is a <u>Bivens</u> claim as to both defendants.[2]

Rroku alleges that, while he was detained by ICE at the LaSalle Detention Facility in 2012-2014 for 513 days, he was held in segregation and subjected to unconstitutional conditions of confinement such as cold, noise, dirt, no showers, no recreation, no law library access, non-stop light, a liquid diet, and improper medical care. Rroku contends that, because of these conditions, he developed a life threatening and irreversible heart condition and stomach problems. Rroku seeks monetary damages.

The LaSalle Detention Facility is owned by the United States[3] and is used by Immigration and Customs Enforcement ("ICE") to house its detainees. Hartnett works for ICE. The LaSalle Detention Facility is operated by a private contractor, GEO Group,[4] which employees Cole.

Cole answered the complaint and demanded a jury trial (Doc. 24). Hartnett filed a motion to dismiss the complaints pursuant to Fed.R.Civ.P. Rule 12(b)(6) (Doc. 29), contending Rroku failed to state a claim on which relief may be granted. Rroku responded to Hartnett's motion (Doc. 31).

Hartnett's motion to dismiss (Doc. 29) is now before the Court for disposition.

---

[2] Hartnett is employed by ICE and Cole is employed by GEO Group to work at a federal immigration detention center. Neither defendant is a state actor as required for an action under 42 U.S.C. § 1983.

[3] <u>See</u> https://www.ice.gov/detention-facility/lasalle-detention-facility.

[4] <u>See</u> http://www.geogroup.com/Maps/LocationDetails/7.

Law and Analysis

A. Motion to Dismiss

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's right to relief based upon those facts. See Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231 (1994); Doe, 753 F.2d at 1102. The factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. See Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). The Court must presume that general allegations embrace the specific facts that are necessary to support the claim. See National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1994) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)).

B. Assistant Field Director Harnett

Hartnett contends Rroku failed to state a claim against him on which relief may be granted. Under Bivens, a plaintiff may recover damages for any injuries suffered because of a federal official's violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

Rroku named Assistant Field Office Hartnett as a defendant in this case, apparently in his capacity as a supervisor since he has not made any specific factual allegations which involve Hartnett.

The doctrine of respondeat superior which makes an employer or supervisor liable for an employee's alleged tort is unavailable in suits under 42 U.S.C. §1983 and Bivens.[5] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well-settled jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in the plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951 (1993); Thompkins, 828 F.2d at 303.

Rroku has not alleged any acts or omissions of Hartnett, or any unconstitutional policies implemented by Hartnett, that have deprived Rroku of his constitutional rights. Rroku complains that he remained in segregation for 513 days, but does not show that Hartnett was involved in that decision.

Rroku also complain about his conditions of confinement and medical care, but does not allege any specific facts to show Hartnett was involved in running the facility or that he made any decisions with regard to Rroku's confinement and care. Hartnett

---

[5] A Bivens action is analogous to an action under § 1983, and the Fifth Circuit does not distinguish between Bivens and § 1983 claims. See Izen v. Catalina, 393 F.3d 363, 367, n.3 (5th Cir. 2005). The constitutional torts authorized by each are coextensive. Izen, 398 F.3d at 367, n.3.

points out that the LaSalle Detention Facility is a government-owned[6] facility that is operated by a private contractor, GEO Group.[7]

Therefore, Rroku's action for damages against Hartnett should be dismissed.

C. Warden Cole

Rroku's complaint against Warden Cole should also be dismissed because he cannot sue Warden Cole under Bivens.

Where a federal prisoner seeks damages from privately-employed personnel working at a privately-operated federal prison, and where the conduct allegedly amounts to a violation of the Eighth Amendment and is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. Courts cannot imply a Bivens remedy in such a case. See Minneci v. Pollard, __U.S.__, 132 S.Ct. 617, 626 (2012); see also Oriakhi v. Geo Group, Inc., 579 Fed.Appx. 292, n.2 (2014) (a Bivens suit may not be brought against a private corporation like GEO Group or its employees if the conduct is the type that typically falls within the scope of traditional state tort law); Eltayib v. Cornell Companies Inc., 533 Fed. Appx. (5th Cir. 2013), cert. den., __U.S.__, 134 S.Ct. 193 (2013).

---

[6] See https://www.ice.gov/detention-facility/lasalle-detention-facility.

[7] See http://www.geogroup.com/Maps/LocationDetails/7.

Rroku's conditions of confinement and medical care claims fall within traditional Louisiana state tort law. Therefore, Rroku's action against Cole should also be dismissed.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Hartnett's motion to dismiss (Doc. 29) be GRANTED and Rroku's complaint against Hartnett be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that Rroku's action against Cole be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED Rroku's complaint against Woods be dismissed without prejudice pursuant to Fed.R.Civ.P. Rule 4(m).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have **fourteen (14)** days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14)** days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame

authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 10th day of August 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge